Sneed, J.,
delivered the opinion of the court.
The plaintiff in this action was sued in replevin *268 by Yates, the defendant, before a justice, for a valuable cow, which Yates had taken into his possession under the writ. The justice gave judgment in the replevin writ against Yates, and in favor of Colby, adjudicating, as alleged, only the question of title; and restored the animal to Colby. It seems that the justicé neglected to consider the question of damages authorized in such cases to be assessed on behalf of the defendant. Colby brought this action against Yates before a justice, to recover damages for injuries done to the animal while in possession of Yates under the writ. The plaintiff recovered a judgment for damages before the justice, and' upon appeal by defendant to the circuit court, the plaintiff obtained judgment for a still larger amount, from which the defendant Yates has appealed in error.
The question, ■ as made at the bar, is, whether the plaintiff can maintain this separate action for damages in a case where he has had the question of title adjudicated in his favor, and under the statute might have invoked, but did not, the judgment of the justice on the question of damages. It is contended on behalf of the defendant, that the statute has prescribed the remedy, — the form and manner in' which the defendant in such case is to have his damages assessed.
It is certainly true, that where the statute has prescribed a specific remedy for a tort, or upon a contract, that remedy must, in general, be followed; and, as a logical consequence, we may assume that when two distinct recoveries are authorized by statute in one action, they cannot be split in twain and made *269 the subject of two distinct litigations. The words of the statute are: — “ If the issue is found for the defendant, or the plaintiff' dismisses, or fails to prosecute, his suit, the judgment shall be that the goods be returned to the defendant; or, on failure, that the defendant recover their value, with interest thereon, and damages for the detention.” Code, 3390. And upon the construction of this statute it is said, that if the verdict be for the defendant, it must also' find damages in his favor for the detention of the property from the time it was taken from defendant on the writ of replevin. Haskins v. Everett, 4 Sneed, 531; Caruthers’ History of a Law Suit, 235.
Now, if the damages demanded by the defendant in such ease be for the detention merely, we would be inclined to hold, that if he did not invoke the action" of the court upon the trial of the action, to assess his damages, he must be held to have waived his claim for damages. But the decision of that question is unnecessary in this case, and so we do not determine it. The gravamen of this action is, not for the detention of the property, but for injuries done to-it, while in the possession of the plaintiff, and the proof was directed to show simply the damages sustained by the plaintiff from actual injury to his property, and it was established that its actual market 'value was depreciated from seventy-five dollars, down to the' sum of ten or fifteen dollars. Now this character of question was not conveniently or properly cognizable in the trial of the title; for the property had been in the mean time in the possession of the *270 plaintiff in replevin; and the defendant in such an action is not presumed to have had access to the property, so as to be advised of the injuries done it. These injuries undoubtedly afford a good ground for a separate action; and in this view the instructions asked for had no relevancy to the case in judgment, and ■were properly refused.
Affirm the judgment.